In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00043-CR

                                                ______________________________

 

 

                              CALVIN WAYNE BURNHAM,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                       Trial Court
No. 2005-C-0006

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Calvin Wayne
Burnham appeals from his convictions by the trial court on four charges of
aggravated sexual assault of a child and four charges of indecency with a
child.  Burnham has filed a single brief,
in which he raises issues common to all of his appeals.[1]  He argues that the trial court committed
reversible error in considering evidence from a previous revocation hearing
when granting the State’s second amended motion to adjudicate guilt and in
admitting the results of a polygraph examination.  Burnham also complains that the evidence was
insufficient to establish that he violated any conditions of his community
supervision. 

            We
addressed these issues in detail in our opinion of this date on Burnham’s
appeal in cause number 06-10-00038-CR. 
For the reasons stated therein, we likewise conclude that reversible
error has not been shown in this case.

            We affirm
the trial court’s judgment.

                                    

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          December
14, 2010

Date Decided:             December
15, 2010

 

Do Not Publish           

 

 

 

 

 











[1]Burnham
appeals from four convictions for aggravated sexual assault of a child and four
convictions for indecency with a child, cause numbers 06-10-00038-CR through 06-10-00045-CR.









 title="">[3]  

            Accordingly, we affirm the trial
court’s judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January 6, 2011

Date Decided:             January 7, 2011

 











[1]An
opinion in this matter had been previously released in almost the same form as
this, but withdrawn November 23, 2010, after receiving the Moores’ motion for
rehearing based on Rule 37.3(c) of the Texas Rules of Appellate Procedure
requiring notice and reasonable opportunity to cure the failure to request or
file the reporter’s record necessary for the disposition of this appeal.  Tex.
R. App. P. 37.3(c).  On that date,
we sent the official notice contemplated by Rule 37.3(c), notifying the Moores
that “no request was ever made of a court reporter to prepare a record as
required by Tex. R. App. P. 34.6(b)(1),
and thus appellants did not pay the reporter’s fee or make satisfactory
arrangement to pay as required by Tex.
R. App. P. 35.3(b)(3).”  Our
letter stated, “If a reporter’s record is to be filed, appellants must pay for
its preparation or make adequate arrangements for its purchase and preparation,
and this Court must be informed that such has occurred within twenty days of
the date of this letter.  If such
arrangements are not made, then the case will be immediately submitted to the
Court and decided based on the briefing previously provided, without oral
argument, . . . and based solely upon the clerk’s record.”  The Moores were directed to respond on or
before December 13, 2010.  

                Although
it appears that the Moores made a preliminary inquiry of the clerk of the trial
court as to the cost of the reporter’s record, despite our explicit warning and
directions, we have no indication of any attempt by them to contact the
reporter to obtain the required record required by Rule 35.3(b)(3) of the Texas
Rules of Appellate Procedure.  Over
forty-five days have now elapsed since the date of our Rule 37.3(c) notice and
opportunity to cure letter without an indication of compliance.  Because the Moores have not complied with our
Rule 37.3(c) letter, the original opinion (with only slight revision) is being reissued.  





[2]The
Moores also argued that the court erred in “first refus[ing] to allow [these
documents] to be filed and then allowing filing.”  





[3]Moreover,
“[a]n appellant has the burden to bring forth sufficient record and authority
to support reversible error.” Rosenblatt
v. City of Houston, 31 S.W.3d 399, 407 (Tex. App.––Corpus Christi 2000,
pet. denied).  A point of error not
supported by authority is waived.  Id. (citing Trenholm v. Ratcliff, 646 S.W.2d 927, 934 (Tex. 1983)).  The only cited authority in the Moores’ brief
is the Fourteenth Amendment to the United States Constitution.